UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF PLACER, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-02444 KJM AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for relief from the undersigned's Findings and Recommendations suggesting dismissal of his complaint with partial leave to amend, brought pursuant to Federal Rule of Civil Procedure 60 and Federal Rule of Civil Procedure 59(e). ECF No. 20. Plaintiff is proceeding pro se, and accordingly the motion was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff also noticed the motion before the undersigned. ECF No. 20. For the reasons that follow, the motion should be DENIED.

## I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

On February 13, 2020, defendants in this case filed a motion to dismiss plaintiff's complaint. ECF No. 11. The undersigned recommended that the motion be granted but that plaintiff be given leave to amend his complaint with respect to all defendants except Placer County, and as to all causes of action except his substantive due process claim. ECF No. 15.

1

Plaintiff filed objections. ECF No. 17. On November 30, 2020, the findings and recommendations were adopted in full. ECF No. 18. The case remains open.[1]

## II.  STANDARDS

The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A motion for reconsideration generally should not be granted unless the district court is presented with newly discovered evidence, has committed clear error, or there has been an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Westlands Water Dist., 134 F.Supp.2d at 1131 (internal citations omitted).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are

---

[1] Plaintiff filed an Amended Complaint, ECF No. 21, which defendants have moved to dismiss, ECF No. 23. That motion is addressed in separate Findings and Recommendations.

addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997).

A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

### III.   ANALYSIS

To the extent plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(b) and 59(e), relief is not available because no judgment or final order has been entered in this case.[2] Instead, plaintiff's first complaint was dismissed with leave to amend. This case is still open.

To the extent plaintiff seeks reconsideration of the Findings and Recommendations, the motion must still be denied. Local Rule 230 specifies that motions for reconsideration must include an explanation of "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and why the facts or circumstances were not shown at the time of the prior motion." LR 230(j)(3) and (4). Plaintiff simply re-argues the merits of his case. Plaintiff also asserts that the undersigned recommended dismissing his substantive due process claim without prejudice, but the district judge dismissed it with prejudice. ECF No. 20 at 1. This is untrue. The Findings and

---

[2] Non-final orders and interlocutory judgments do not come within the scope of Rule 60(b). See Fed. R. Civ. P. 60(b), Advisory Committee Note ("[T]he qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule . . . ."); Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000) (preliminary injunction not a final judgment or order that may be addressed under Rule 60(b)); St. Mary's Health Ctr. v. Bowen, 821 F.2d 493, 498 (8th Cir. 1987) (partial summary judgment order not a final judgment or order that may be addressed under Rule 60(b)).

Recommendations at issue clearly recommend dismissal of plaintiff's substantive due process claim "with prejudice." ECF No. 15 at 23. Neither relief from nor alteration of the findings and recommendations is warranted.

### IV.  CONCLUSION

It is HEREBY RECOMMENDED that plaintiff's motion at ECF No. 20 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 23, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE