UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. LULL, | No.  2:19-cv-2444 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action in pro per.  The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

On March 23 and 25, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  ECF No. 29.  Plaintiff has filed objections to the March 25 findings and recommendations, but not the March 23 findings and recommendations.  ECF No. 30.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.  The court writes separately here to address Plaintiff's objections.

/////

1

1    Plaintiff first objects that the Magistrate Judge misapprehended his due process claim as a disagreement with the substance of the decision against him. *See* Objs. at 2–3. This court has reviewed the operative complaint and agrees with the Magistrate Judge's assessment of its factual allegations. The court cannot infer from those allegations that that Plaintiff was deprived of a liberty or property interest without notice and an opportunity to be heard. *See* First Am. Compl. ¶¶ 23–48, ECF No. 21. Plaintiff's related argument that the disputed proceedings were inconsistent with state law does not show he was deprived of due process in violation of the federal Constitution. *See* Objs. at 3–4.

Plaintiff next objects to the Magistrate Judge's conclusion that an equal protection claim cannot rest on the different penalties and sanctions a local government uses to prevent different land use violations. *See id.* at 4–5. The Magistrate Judge's summary of federal constitutional law correctly explains that an equal protection claim cannot succeed when a plaintiff alleges neither that he was treated differently than others in the same situation nor that he was irrationally singled out. *See* F&Rs at 10–11 (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Plaintiff next objects to the Magistrate Judge's recommendation to dismiss his fourth claim for an unreasonable seizure. Objs. at 5. The Magistrate Judge correctly concluded that Plaintiff's allegations show the officer had reasonable suspicion to briefly stop him and investigate whether he was driving without a valid license. *See* F&Rs at 12.

Finally, Plaintiff objects that the Magistrate Judge incorrectly concluded that the retaliation claim should be dismissed because "the evidence of animus was outside the statute of limitations." Objs. at 5. That summary is incorrect. The Magistrate Judge recommends dismissing the retaliation claim because the "irregularities" described in the complaint do not support Plaintiff's generalized allegation that the defendants were motivated by personal animus against him. *See* F&Rs at 13–14. The court has reviewed the complaint and agrees with that recommendation.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 23 and 25, 2021, are adopted in full;

2. The motion at ECF No. 20 is DENIED;

3. The motion to dismiss, ECF No, 23, is GRANTED and this action is DISMISSED WITHOUT LEAVE TO AMEND; and

4. The Clerk of Court is directed to close this case.

DATED: September 16, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE